■ HERMAN HIGGER, Doing Business as HIGGER SIGN Co., Appellant, v. RADZIMINSKY & ZEGER, INC., Respondent.— In an action to recover payments due under written agreements to service and repair, at a flat monthly fee, any burned out and defective parts of fluorescent fixtures, the appeal, by permission of this court, is from an order of the Appellate Term which affirmed a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Third District, dismissing the complaint after trial before the court without a jury. Order of the Appellate Term and judgment of the Municipal Court reversed upon the law and the facts and judgment directed to be entered in favor of appellant for $266, with costs in all courts. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appellant is in the business of servicing fluorescent fixtures, including welding, and reactivating mercury in lamps. Appellant is not doing an insurance business within the meaning of the Insurance Law, and any element of warranty or guarantee in the agreements in suit is merely incidental to appellant's servicing business. The licensing requirements of section 41 of the Insurance Law were not intended to apply to this type of contract

(*Transportation Guar. Co.* v. *Jellins,* 29 Cal. 2d 242; cf. Insurance Law, § 41, subds. 2, 3, as amd. by L. 1959, ch. 127; *Sohmer Factors Corp.* v. *187-20 Tioga Drive Corp.,* 8 A D 2d 847). Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.