HON. THOMAS A. HARNETT Superintendent Insurance Department
This is in response to the request by Morton Greenspan, Deputy Superintendent and General Counsel of the Insurance Department, for an opinion as to whether the issuance of warranties by manufacturers, retailers, repairers, or third parties constitute "doing an insurance business" within the meaning of sections 40 and 41 of the Insurance Law. Your request deals basically with the following situations:
 1. The issuance of a warranty by a manufacturer, retailer or repairer to the purchaser of a product;
 2. The issuance of a warranty by a third party in conjunction with his sale of another product to the owner of the warranted product.
Section 40 of the Insurance Law prohibits the doing of an insurance business unless authorized by a license issued by the Superintendent of Insurance. The terms "insurance contract" and "doing an insurance business" are defined in section 41 of the Insurance Law. Section 41 (1) states that an insurance contract is "any agreement * * * whereby one party * * * is obligated to confer benefit of pecuniary value upon another party * * * dependent upon the happening of a fortuitous event * * *." "A fortuitous event is any occurrence * * * which is * * * to a substantial extent beyond the control of either party."
Section 41 (2) states that a "contract of warranty" is an "insurance contract" only if made by a warrantor "doing an insurance business." Section 41 (3) states that any of the following acts shall constitute doing an insurance business: "* * * (b) the making, as warrantor * * *, or the proposing to make as warrantor * * *, of any contract of warranty * * *, as a vocation and not as merely incidental to any other legitimate business or activity of the warrantor * * *"
The amendment of Subdivisions 2 and 3 of section 41 in 1959 to include within the section those who make contracts of warranty was recommended by your department because there had been an opinion of the Attorney General (1957 Atty. Gen. 221) holding that the issuance of a warranty by a corporation which inspected automobiles as a vocation was not doing an insurance business. As shown by this legislative history, the purpose of the amendment was to prevent third parties from issuing warranties as a vocation on products they merely inspected.
In my opinion, a manufacturer, retailer or repairer of a product all have sufficient control over its proper operation to issue a warranty without being deemed to be "doing an insurance business" under section 41 (1) since they either construct, select or service the product offered for sale. Thus in Herman Higger,Doing Business as Higger Sign Co. v. Radziminsky Zeger,Inc., 8 A.D.2d 967 (2d Dept., 1959), a plaintiff in the business of servicing fluorescent fixtures including welding and reactivating mercury in lamps and who for a flat fee agreed to service and repair burned out and defective fluorescent fixtures was held not to be doing an insurance business.
In regard to a third party who is not the manufacturer, retailer or repairer of a product, such as an oil supply company issuing a so-called warranty for a stated period of time for free parts and service on oil burners to purchasers of its oil merely because it sells oil to the owner, I find this to be an insurance contract. Such a third party lacks control over the warranted product sufficient to remove the element of fortuitousness. The element of fortuitousness is one which determines whether or not there is an insurance contract. The third party takes the product as he finds it and he has no control over it (as do the manufacturer, retailer or repairer). Whether or not the product functions properly is purely fortuitous as to him. Thus, even though the dealer refers to this agreement as a "warranty", it is, in fact, not one, but is an insurance contract in the classic sense as defined in section 41 (1), hence does not qualify for the exemption under 41 (3) supra for "warranties" merely incidental to a legitimate business.
I conclude that the issuance of a warranty on a product by a manufacturer, retailer or repairer does not constitute "doing an insurance business" within the meaning of section 41 of the Insurance Law but that the issuance of a warranty on a product by a third party, who is not a manufacturer, retailer, or repairer merely because he sells another product to the owner is "doing an insurance business" within the meaning of section 41.